UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEO HUNTER,<br><br>              Petitioner,<br><br>   v.<br><br>ISIDRO BACA, et al.,<br><br>              Respondents. | Case No. 3:18-cv-00166-HDM-VPC<br><br>**ORDER** |

**I.    Introduction**

      Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 8), the supplemental petition (ECF No. 3), and respondents' motion to dismiss (ECF No. 14). Petitioner has not filed a response to the motion to dismiss. The court finds that the supplemental petition presents no claims for relief. The court also finds that four out of five parts of the sole ground for relief are not exhausted. The court thus grants the motion to dismiss in part.

**II.    Procedural History**

      After a jury trial in state district court, petitioner was convicted of second-degree murder with the use of a deadly weapon. Ex. 82 (ECF No. 17-21).[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 94 (ECF No. 18-3).

---

[1] The index of exhibits (ECF No. 15) has two problems. First, the index transposes Exhibits 59 and 63.

1

Petitioner then filed a proper-person post-conviction habeas corpus petition in the state district court. Ex. 98 (ECF No. 18-7). The state district court appointed counsel. Ex. 105 (ECF No. 18-14). Petitioner then filed a counseled supplemental petition. Ex. 107 (ECF No. 18-16). The state district court denied the petition. Ex. 127 (ECF No. 19-6). Petitioner appealed, and the Nevada Court of Appeals affirmed. Ex. 143 (ECF No. 19-22).

Petitioner then commenced this action with his federal habeas corpus petition (ECF No. 8) and supplement (ECF No. 3). Respondents' motion to dismiss (ECF No. 14) followed.

### III. Discussion

#### A. The supplemental petition contains no claims for relief

In the first three pages of the supplemental petition (ECF No. 3), petitioner has copied by hand the preliminary questions of this court's § 2254 habeas corpus petition form and then answered those questions. Petitioner also attached two exhibits. The first exhibit, labeled "Supplemental Exhibit A," is a transcript of a videotaped deposition taken during the state post-conviction habeas corpus proceedings. The second exhibit, labeled "Supplemental Exhibit B," is the opening brief filed on appeal from the denial of the state post-conviction petition. The supplement does not contain any claims, nor does it refer to the two supplemental exhibits. Another possibility is that petitioner filed the supplement in support of the claims that he raised in the original petition. However, the original petition does not refer to the supplemental exhibits, either by name or by substance. The court will dismiss the supplemental petition. The dismissal will not cause any problems with referring to the attached documents, because respondents also have filed these documents as Exhibits 120 (ECF No. 18-29) and 135 (ECF No. 19-14).

#### B. Petitioner has not exhausted his state-court remedies for most of his claims

#### 1. Standard for exhaustion

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for

---

Second, the index lists Exhibit 64 as "Transcript of Proceedings - Excerpt of Jury Trial Testimony Keri Heward." ECF No. 15, at 4. This is a duplicate listing of Exhibit 60. Exhibit 64 actually is the amended information, listed in the index as Exhibit 65. The numbering of exhibits in the index, starting with Exhibit 65, is one greater than the numbering of exhibits in the court's docket. Respondents' citations to the exhibits are similarly inaccurate. The court will use the numbers of the exhibits as filed in the docket.

relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The petition contains one ground for relief, with five parts. The court will use respondents' labeling and summary of those parts:

> Ground 1(A): Petitioner was denied effective assistance of counsel, due process, and equal protection when trial counsel failed to present exculpatory evidence of the Spencer Investigations report to the jury.
>
> Ground 1(B): Petitioner was denied effective assistance of counsel, due process and equal protection when trial counsel failed to present exculpatory evidence of the results of the toxicology report to the jury.
>
> Ground 1(C): Petitioner was denied effective assistance of counsel, due process and equal protection when trial counsel failed to present exculpatory evidence of Mrs. Hunter's preliminary hearing testimony.
>
> Ground 1(D): Petitioner was denied effective assistance of counsel, due process and equal protection when trial counsel failed to present exculpatory evidence of Mrs. Hunter's statements regarding the struggle between Hunter and the victim.
>
> Ground 1(E): Petitioner was denied effective assistance of counsel, due process and equal protection when trial counsel failed to present exculpatory evidence of firearm DNA and blood test results.

ECF No. 14, at 3.

**2.  Grounds 1(A), 1(B), 1(D), and 1(E) are not exhausted**

The court agrees with respondents that grounds 1(A), 1(B), 1(D), and 1(E) are not exhausted. Petitioner did not present any claims of ineffective assistance of counsel on direct appeal. See Ex. 91 (ECF No. 18). On appeal from the denial of his state post-conviction habeas corpus petition, petitioner did present claims of ineffective assistance of counsel, but not these claims. See Ex. 135 (ECF No. 19-14).

**3.  Ground 1(C) is exhausted**

To state the facts briefly for this ground, petitioner, his wife, Stella, his daughter, Lenora, and Lenora's two children were in their house. Lenora said that she was moving out with her children. Petitioner picked up one of his four guns. Lenora was shot and died.

3

In ground 1(C), petitioner claims that trial counsel provided ineffective assistance because trial counsel did not present Stella's preliminary-hearing testimony about the gun. In the preliminary hearing, Stella testified that there was no time for petitioner to load the gun between his picking the gun up and the discharge. Ex. 2, at 17-18 (ECF No. 15-2, at 18-19). This, petitioner argues, supports his theory that that particular gun always was loaded for protection against coyotes.

In issue II on appeal from the denial of the post-conviction petition, petitioner stated that he had testified at the post-conviction evidentiary hearing that he had taken that particular gun because it was the gun most familiar to him; it was the gun that he had used to take care of coyotes on his ranch. Ex. 135, at 26-27 (ECF No. 19-14, at 33-34).[2] See also Ex. 121, at 26 (ECF No. 19, at 27) (transcript of evidentiary hearing). Petitioner did not testify at trial. Petitioner argued in that appeal that trial counsel should have "elicited testimony from Mr. Hunter's wife that the gun used in the instant offense was the only one loaded in the home because it was the only one he knew how to use." Id. at 28 (ECF No. 19-14, at 35).

Respondents argue that the shift from arguing that counsel should have elicited testimony from Stella at trial, to arguing that counsel should have introduced Stella's preliminary-hearing testimony, does not persuade the court. First, Stella testified at trial. Ex. 59 (ECF No. 16-28, at 158-241).[3] If trial counsel was to introduce Stella's preliminary-hearing testimony, then it would have been through confronting her with the preliminary-hearing testimony at trial. Second, both arguments involve the same facts: The reason why petitioner grabbed that particular gun and the reason why that gun was loaded. The court must construe the petition liberally. In that light, the court does not see any fundamental difference between what petitioner argued in state court and what he argues in this court.

---

[2] The statement of issues in the post-conviction appellate brief, Ex. 135, at 5-6 (ECF No. 12-13), differs from the issues that petitioner actually presented in the post-conviction appellate brief. The court uses the issues that petitioner actually presented.

[3] This exhibit contains three separate transcripts: (1) The first day of jury selection and testimony, (2) Stella's continued testimony on the second day of trial, and (3) the testimony two days later of Detective James Loveless. In their index of exhibits, respondents appear to have switched Exhibits 59 and 63. Because Stella's testimony spans two separate exhibits, the court cites only to the pages generated by the electronic case filing system.

### 4. Petitioner must choose what to do with the unexhausted grounds

The petition (ECF No. 8) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 1(A), 1(B), 1(D), and 1(E) and proceed with the remaining ground 1(C), he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1(A), 1(B), 1(D), and 1(E), or he may move to stay this action while he returns to state court to exhaust grounds 1(A), 1(B), 1(D), and 1(E). If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action. Otherwise, the court will dismiss the action.

### IV. The transcript of the trial appears to be incomplete

Having found two discrepancies between the index of exhibits and the exhibits as actually filed, the court seems to have the following parts of the trial transcript:

| No. | Date | Transcript |
|-----|------|------------|
| 59 | 04/11/2011 | Rough Draft, Voir Dire Proceedings & Jury Trial - Volume 1 (ECF No. 16-28, at 2-200) |
|    | 04/12/2011 | Rough Draft, Jury Trial - Volume II, Stella Hunter's Continued Testimony (ECF No. 16-28, at 201-241) |
|    | 04/14/2011 | Rough Draft, James Loveless Testimony, Jury Trial - Volume IV (ECF No. 16-28, at 242-252) |
| 60 | 04/13/2011 | Excerpt of Jury Trial Testimony of Kerri Heward (ECF No. 16-29) |
| 61 | 04/14/2011 | Excerpt of Jury Trial Testimony of Dustin Grate (ECF No. 17) |
| 62 | 04/14/2011 | Excerpt of Jury Trial Testimony of Dr. Ellen Clark (ECF No. 17-1) |
| 63 | 04/15/2011 | Rough Draft, Settling of Jury Instructions, Jury Trial - Volume V (ECF No. 17-2) |

The court does not know how much of the second, third, and fourth volumes of the trial transcript it does not possess. However, the fragmentary, discontinuous, and transposed nature of the

transcripts that respondents did file made the court's review of the motion to dismiss more complicated than it should have been. Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts states:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Respondents should determine now whether the full trial transcript is available, so that, if petitioner decides to proceed with his one exhausted claim, respondents can attach the trial transcript to their answer without delay.

**V.     Respondents motion for leave to file presentence investigation report under seal**

Respondents have filed a motion for leave to file presentence investigation report <u>in camera</u> and under seal (ECF No. 20). The court agrees with respondents that the report contains sensitive, confidential information. See <u>Kamakana v. City and Cnty. Of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006). The court grants the motion.

**V.     Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 14) is **GRANTED** in part with respect to grounds 1(A), 1(B), 1(D), and 1(E) of the petition (ECF No. 8) and with respect to the supplemental petition (ECF No. 3). The supplemental petition (ECF No. 3) is **DISMISSED** because it does not state any claims for relief. The motion to dismiss (ECF No. 14) is **DENIED** in part with respect to ground 1(C) of the petition (ECF No. 8).

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 1(A), 1(B), 1(D), and 1(E) of his petition (ECF No. 8), and proceed only on the remaining ground 1(C), (2) inform this court in a sworn declaration that he wishes to dismiss his petition (ECF No. 8) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1(A), 1(B), 1(D), and 1(E) of his petition (ECF No. 8), or (3)

move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1(A), 1(B), 1(D), and 1(E) of his petition (ECF No. 8). Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 8) and proceed on the remaining ground, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

IT FURTHER IS ORDERED that respondents' motion for leave to file presentence investigation report in camera and under seal (ECF No. 20) is **GRANTED**.

DATED: September 26, 2019.

*Howard D. McKibben*
HOWARD D. MCKIBBEN
United States District Judge