1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11   LEO HUNTER,                                    Case No. 3:18-cv-00166-HDM-CLB

12                    Petitioner,                   **ORDER**

13        v.

14   ISIDRO BACA, et al.,

15                    Respondents.

16

17        This is a stayed habeas corpus petition under 28 U.S.C. § 2254.  Petitioner has filed a

18   proper-person motion to proceed with exhausted and unexhausted claims.  ECF No. 26.  The

19   Federal Public Defender then filed a motion for appointment of Federal Public Defender as

20   counsel for petitioner.  ECF No. 27.  Respondents do not oppose these motions.  ECF No. 28, 29.

21   Based upon the information in the application to proceed in forma pauperis (ECF No. 1),

22   petitioner would not be able to afford counsel for long.  18 U.S.C. § 3006A(a)(2)(B).  The court

23   will grant both motions.  Based upon the usual practice by the Federal Public Defender, the court

24   assumes that counsel will want to file an amended petition, and the court will set a schedule for

25   that.

26        IT THEREFORE IS ORDERED that petitioner's motion to proceed with exhausted and

27   unexhausted claims (ECF No. 26) is **GRANTED**.  The clerk of the court will reopen this action

28   and lift the stay.

                                               1

1      IT FURTHER IS ORDERED that the motion for appointment of Federal Public Defender

2    as counsel for petitioner (ECF No. 27) is **GRANTED**.  The Federal Public Defender is appointed

3    as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).  Counsel will represent

4    petitioner in all federal proceedings related to this matter, including any appeals or certiorari

5    proceedings, unless allowed to withdraw.

6      IT FURTHER IS ORDERED that petitioner shall have until up to and including one

7    hundred twenty (120) days from entry of this order within which to file an amended petition

8    and/or seek other appropriate relief.  Neither the foregoing deadline nor any extension thereof

9    signifies or will signify any implied finding as to the expiration of the federal limitation period

10    and/or of a basis for tolling during the time period established.  Petitioner always remains

11    responsible for calculating the running of the federal limitation period and timely asserting

12    claims, without regard to any deadlines established or extensions granted herein.  That is, by

13    setting a deadline to amend the petition and/or by granting any extension thereof, the court makes

14    no finding or representation that the petition, any amendments thereto, and/or any claims

15    contained therein are not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225,

16    1235 (9th Cir. 2013).

17      IT FURTHER IS ORDERED that respondents shall file a response to the amended

18    petition, including potentially by motion to dismiss, within sixty (60) days of service of an

19    amended petition and that petitioner may file a reply within thirty (30) days of service of an

20    answer.  The response and reply time to any motion filed by either party, including a motion filed

21    in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

22      IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the

23    counseled amended petition shall be raised together in a single consolidated motion to dismiss.  In

24    other words, the Court does not wish to address any procedural defenses raised herein either in

25    serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural

26    defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents

27    shall not file a response in this case that consolidates their procedural defenses, if any, with their

28    response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims

1  clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2):

2  (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall

3  specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in

4  Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses,

5  including exhaustion, shall be included with the merits in an answer.  All procedural defenses,

6  including exhaustion, instead must be raised by motion to dismiss.

7       IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall

8  specifically cite to and address the applicable state court written decision and state court record

9  materials, if any, regarding each claim within the response as to that claim.

10       IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies

11  of any electronically filed exhibits need not be provided to chambers or to the staff attorney,

12  unless later directed by the court.

13       DATED:  May 11, 2020.

14

    HOWARD D. MCKIBBEN
15      United States District Judge

3