UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEO HUNTER, | Case No. 3:18-cv-00166-HDM-CLB |
| Petitioner, | **ORDER** |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

This counseled habeas matter comes before the Court on Petitioner Leo Hunter's motion for stay or, in the alternative, for an extension of time to file an opposition to the Respondents' motion to dismiss. (ECF No. 52.) The Respondents do not oppose Hunter's request to stay this matter while he returns to state court to present his unexhausted claims for relief. (ECF No. 53.)

Hunter challenges his state court judgment of conviction, pursuant to a jury trial, of second-degree murder with the use of a deadly weapon. (ECF No. 17-21.) The amended petition contains two unexhausted grounds—grounds 1(A) and 1(B). (*See* ECF No. 40 at 6.) In ground 1(A), Hunter alleges that his trial counsel failed to use the victim's toxicology report to argue her drug use caused erratic, violent, and suicidal behavior. (*Id.* at 7.) And in ground 1(B), Hunter alleges that his trial counsel failed to elicit exculpatory testimony of his investigator to present prior inconsistent statements. (*Id.* at 10.) Hunter now seeks a stay and abeyance so that he may exhaust these grounds in state court. (ECF No. 52 at 2.)

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of comity" as it gives states "the first opportunity to address and correct alleged

violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In general, a federal district court must dismiss an unexhausted petition without prejudice. *Id.* (noting that the Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (habeas petitions should be dismissed if state remedies have not been exhausted as to any federal claims).

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage

petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276–77).

This Court has declined to prescribe the strictest possible standard for issuance of a stay. *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Ineffective assistance of post-conviction counsel or a lack of counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause") (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)).

Hunter argues that good cause exists based on the ineffective assistance of his post-conviction counsel. (ECF No. 52 at 5.) Hunter elaborates that his raised grounds 1(A) and 1(B) in his *pro se* state petition, but his post-conviction counsel failed to raise them in his supplemental petition. (*Id.*) Given the potential significance of petitioner's claims, it was at least arguably ineffective for postconviction counsel to have failed to include them in Hunter's supplemental petition. The court therefore finds good cause for the failure to exhaust the claims in state court before filing the federal petition. The court further finds that the unexhausted grounds are not "plainly meritless," and that Hunter has not engaged in intentionally dilatory litigation tactics. Accordingly, Hunter's unopposed motion for a stay and abeyance (ECF No. 52) will be granted.

IT IS THEREFORE ORDERED that Hunter's unopposed motion for stay and abeyance **(ECF No. 52) is granted**.

IT IS FURTHER ORDERED that this action is stayed pending exhaustion of the unexhausted grounds in the amended petition.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon Hunter litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that the respondents' motion to dismiss **(ECF No. 49) is denied without prejudice** to the reassertion of any and all defenses then applicable following the stay.

IT IS FURTHER ORDERED that the clerk shall administratively **close this action**, until such time as the court grants a motion to reopen the matter.

Dated: July 12, 2022

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE